IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

Tremain Orlando Davis,           )
                                 )   C.A. No. 0:16-2673-HMH-PJG
                Petitioner,      )
                                 )
      vs.                        )   **OPINION & ORDER**
                                 )
Larry Cartledge,                 )
                                 )
                Respondent.      )

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. §§ 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.[1] Tremain Orlando Davis ("Davis") is a state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. In her Report and Recommendation, Magistrate Judge Gossett recommends granting the Respondent's motion for summary judgment and denying Davis' petition.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Davis is currently incarcerated at the Broad River Correctional Institution, a South Carolina Department of Corrections ("SCDC") facility. On November 8, 2011, Davis pled guilty to armed robbery, murder, and possession of a weapon during a violent crime. (§ 2254 Pet. 1, ECF No. 1.) Davis was sentenced to life imprisonment for murder, 30 years'

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

imprisonment for armed robbery, and 5 years' imprisonment for possession of a weapon during a violent crime, to be served concurrently. (Resp't Mot. Summ. J. Ex. 1 (App'x 197), ECF No. 18-1.) On December 9, 2011, Davis moved for reconsideration of his sentence. (Id. Ex. 3 (Mot. Reconsider), ECF No. 18-3.) The trial court denied Davis' motion the same day. (Id. Ex. 4 (Dec. 9, 2011 Order), ECF No. 18-4.)

Davis appealed his guilty plea and sentence on December 14, 2011. (Id. Ex. 5 (Not. Appeal), ECF No. 18-5.) The South Carolina Court of Appeals affirmed Davis' conviction and sentence in an unpublished opinion dated October 9, 2013. (§ 2254 Pet. 2, ECF No. 1.) On August 22, 2014, Davis filed an application for post-conviction relief ("PCR") raising ineffective assistance of counsel claims. (Resp't Mot. Summ. J. Ex. 1 (App'x 224-25), ECF No. 18-1.) An evidentiary hearing was held on June 16, 2015. (Id. Ex. 1 (App'x 230), ECF No. 18-1.) On July 12, 2015, the PCR court denied Davis' PCR application. (Id. Ex. 1 (App'x 277-84), ECF No. 18-1.) Davis filed a petition for writ of certiorari with the South Carolina Supreme Court on February 23, 2016. (Id. Ex. 10 (Petition for Writ of Cert.) ECF No. 18-10.) On June 16, 2016, the South Carolina Supreme Court denied the petition for writ of certiorari. (Id. Ex. 13 (Jun. 16, 2016 Order), ECF No. 18-13.)

Davis, acting pro se, filed the instant § 2254 petition on July 21, 2016, raising ineffective assistance of counsel claims.[2] (§ 2254 Pet., ECF No. 1.) On December 13, 2016, Respondent filed a motion for summary judgment. (Resp't Mot. Summ. J., ECF No. 19.) Davis responded on January 18, 2017. (Pet'r Resp. Opp'n Mot. Summ. J., ECF No. 22.) On March 14, 2017, Magistrate Judge Gossett issued her Report and Recommendation recommending granting

---

[2] See Houston v. Lack, 487 U.S. 266 (1988).

Respondent's motion for summary judgment and denying Davis' petition. (R&R 12, ECF No. 31.) Within the deadline for objections to the Report and Recommendation, the court did not receive any objections from Davis. Having received no objections, the court issued an order on April 4, 2017, adopting the Report and Recommendation. (Apr. 4, 2017 Order, ECF No. 35.) Davis filed a motion for an extension of time on April 18, 2017.[3] (Mot. Extension, ECF No. 38.) On April 21, 2017, the court granted Davis' motion. (Apr. 21, 2017 Order, ECF No. 39.) Davis timely filed objections on May 2, 2017.[4] (Objs., ECF No. 47.) Therefore, the court vacates the April 4, 2017 order adopting the Report and Recommendation and will consider Davis' objections.

## II. Discussion of the Law

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

---

[3] See id.

[4] See id.

A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." Monahan v. Cty. of Chesterfield, Va., 95 F.3d 1263, 1265 (4th Cir. 1996) (internal quotation marks and citation omitted). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Ballenger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1005 (4th Cir. 1987) (internal quotation marks and citation omitted).

### B. Standard of Review in a § 2254 Petition

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

As "a determination of a factual issue made by a State court shall be presumed to be correct," the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). With respect to reviewing the state court's application of federal law, "'a federal habeas court may grant the writ if the state court identifies

4

the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (quoting Williams v. Taylor, 529 U.S. 362, 413 (2000)). Further, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Id. (quoting Williams, 529 U.S. at 410). "Thus, to grant [a petitioner's] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004).

**C. Objections**

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, many of Davis' objections are nonspecific or merely restate his claims. However, the court was able to glean one specific objection. Davis objects that the magistrate judge erred in finding that counsel was not constitutionally ineffective for failing to object to his plea colloquy. (Objs. 2-4, ECF No. 47.) Davis argues that he did not admit guilt during the plea colloquy and was improperly advised by the trial court to accept a guilty plea. (Id. at 4, ECF

5

No. 47.) As a result, Davis argues that his plea was not knowing and voluntary and counsel was ineffective for failing to advise him on the circumstances of his plea. (Id., ECF No. 47.)

"[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a [plea] colloquy is conclusively established, and a district court should . . . dismiss any [habeas petition] that necessarily relies on allegations that contradict the sworn statements." Bradshaw v. McCall, No. 0:12-CV-03624-DCN, 2014 WL 463142, at *5 n.1 (D.S.C. Feb. 4, 2014) (unpublished) (quoting United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (§ 2255 context)).

Further, "in order to be valid, a plea of guilty must be knowingly and voluntarily made." Sargent v. Waters, 71 F.3d 158, 161 n.2 (4th Cir. 1995). "A voluntary and intelligent plea of guilty is an admission of all the elements of a formal criminal charge and constitutes an admission of all material facts alleged in the charge." United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993) (internal quotation marks and citation omitted). "To attack the plea [based on the ineffective assistance of counsel], [Davis] must show that the advice he received was not within the range of competence demanded of attorneys in criminal cases." Via v. Superintendent, Powhatan Corr. Ctr., 643 F.2d 167, 173 (4th Cir. 1981) (internal quotation marks omitted).

In this case, the magistrate judge did not err in finding that the PCR court's conclusion that counsel was not constitutionally ineffective during Davis' plea colloquy was objectively reasonable. During Davis' plea colloquy, the trial court recited the facts charged in Davis' indictments and asked him whether he was pleading guilty to those charges. (Resp't Mot.

Summ. J. Ex. 1 (App'x 172-73), ECF No. 18-1.) Additionally, after the solicitor recited the facts of the case, the trial court asked:

> THE COURT: Now, you heard the recitation of the facts by the solicitor. Substantially are those the facts for which you're pleading guilty to as far as each of these offenses, having the weapon, committing the armed robbery and committing the murder?
>
> DAVIS: You mean that is everything he is saying true?
>
> THE COURT: I'm asking if those [are] substantially the facts. Did you, in fact, have a weapon?
>
> DAVIS: Yes, sir.
>
> THE COURT: And did you use that weapon in committing the murder and the armed robbery?
>
> DAVIS: Yes, sir.
>
> THE COURT: And did you commit an armed robbery?
>
> DAVIS: Yes, sir.
>
> THE COURT: And you did commit a murder?
>
> DAVIS: Yes, sir.
>
> THE COURT: And that's what you're pleading to today?
>
> DAVIS: Yes, sir.
> ***
> THE COURT: Are you entering this plea, Mr. Davis, of your own free will?
>
> DAVIS: Yes, sir.
>
> THE COURT: Are you pleading guilty because you are guilty?
>
> DAVIS: Yes and no.
>
> THE COURT: If you don't feel like you're guilty then ---

DAVIS: There's other things with it, but, yes, sir. There's other reasons. I'm just being considerate of Joshua's family and my family.

THE COURT: In other words, to enter a plea of guilty, you've got to tell me [you're] guilty.

DAVIS: Yes, sir.

THE COURT: Are you guilty?

DAVIS: Yes, sir.

THE COURT: Are you guilty of armed robbery?

DAVIS: Yes, sir.

THE COURT: Are you guilty of possessing a weapon during the commission of a violent crime?

DAVIS: Yes, sir.

THE COURT: Have you understood the questions I've asked you?

DAVIS: Yes, sir.

THE COURT: Have you been truthful in your answers to me?

DAVIS: Yes, sir.

(Id. Ex. 1 (App'x 177-183), ECF No. 18-1.) Based upon the record, the magistrate judge did not err in finding that the PCR court's conclusion that counsel was not constitutionally ineffective for failing to object to the plea colloquy was objectively reasonable. As a result, Davis' objection is without merit.

Therefore, after a thorough review of the Report and Recommendation and the record in this case, the court adopts the magistrate judge's Report and Recommendation and incorporates it herein.

It is therefore

**ORDERED** that the court's April 4, 2017 order, docket number 35, is vacated. It is further

**ORDERED** that Respondent's motion for summary judgment, docket number 9, is granted, and Davis' § 2254 petition, docket number 1, is denied. It is further

**ORDERED** that a certificate of appealability is denied because Davis has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                              s/Henry M. Herlong, Jr.
                                              Senior United States District Judge

Greenville, South Carolina
May 10, 2017

## NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.